IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| JAMES BELL McCOY | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:14cv228 |
| OWEN MURRAY, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff James McCoy, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, McCoy names Dr. Owen Murray, University of Texas Medical Branch policy director; Dr. Lanette Linthicum, director of TDCJ Medical Services; and Pam Pace, the practice manager at the Michael Unit.

McCoy complained that since his arrival at the Michael Unit in 2006, he has been subjected to unnecessary pain and suffering because the Defendants have implemented policies or procedures which cause delay in his receiving pain medication and allergy medication. He also complains that the unit medical staff will not treat his hepatitis C, nurse practitioners or physician's assistants renew his medication for less than what the physician prescribed, no one has done anything to send him to an allergy specialist or back pain specialist, and he has filed numerous grievances to no avail.

McCoy conceded that he has previously filed at least three lawsuits or appeals which have been dismissed as frivolous or for failure to state a claim, rendering McCoy subject to the three-strikes bar of 28 U.S.C. §1915(g). However, McCoy argued that he falls under the statutory exception because he is in imminent danger of serious physical injury.

1

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed based on the three-strikes bar. The Magistrate Judge stated that the imminent danger exception refers to "a genuine emergency" where "time is pressing," and allegations that prison officials engaged in continuing harassments, plots to hurt or kill the prisoner, and other forms of retaliation did not sufficiently allege imminent danger. Allegations of discontinuance of pain medication, without more, did not adequately allege imminent danger.

The Magistrate Judge also observed that McCoy raised the same allegations in the present case as he did in *McCoy v. Pace*, civil action no. 6:11cv503, the case in which the Fifth Circuit imposed the three-strikes bar. As such, these claims are barred by collateral estoppel.

Although McCoy appears to raise various claims against the unit medical providers, the Magistrate Judge stated that McCoy does not raise any specific individuals in connection with these claims and offers nothing to show that any of the named defendants are responsible for the circumstances of these claims. Dr. Murray and Dr. Linthicum are system-wide policy-makers, not medical providers at the unit, and Pace is the practice manager, not a medical provider or a nurse. McCoy failed to show that any of these named defendants are involved with his claims concerning hepatitis C, referrals to a specialist, or the renewal of his medications by a nurse practitioner or physician's assistant, and in any event, these claims are also barred under §1915(g). The Magistrate Judge thus recommended that the lawsuit be dismissed.

McCoy filed objections to the Magistrate Judge's Report on May 7, 2014. In his objections, McCoy states that his complaint stems from the Defendants "implementing and/or condoning policies or practices which unnecessarily interfere with doctor prescribed treatment of a serious medical condition." He argues that his complaint "necessarily states a claim of imminent danger" and that the Magistrate Judge "declared his pain is fictitious."

McCoy contends that he is subjected to unnecessary pain and untreated allergy symptoms multiple times every year. He says that the Magistrate Judge failed to cite any evidence showing that he does not meet the "imminent danger" exception and that his claim is not like the previous one

because the number of instances of delaying his medication has increased, as has the frequency and duration. His condition has worsened and "the physical evidence and the professional diagnosis of prison doctors outweighs the Magistrate Judge's rote conclusions."

McCoy goes on to assert he is being denied due process because the Magistrate Judge refused to accept the veracity of his complaint. He states that his medical and grievance records should be offered into evidence and that "it is a mystery" that his claim can be dismissed without ascertaining his level of pain.

Next, McCoy says the Magistrate Judge claimed that the Defendants are not responsible for causing his pain, but McCoy has "explained in detail how the Defendants are liable in this cause of action by implementing and condoning policies or practices which unnecessarily delay doctor prescribed treatment." He states that Pam Pace fails to set appointments properly or correct the problems when they are grieved.

In a document entitled "Second verification in support," McCoy again states that the number of instances of unnecessarily delaying doctor prescribed pain and allergy treatment has increased since his last lawsuit, and the delays last longer than they did when his last lawsuit was dismissed. He is older and the pain is worse than it was when his last lawsuit was dismissed.

McCoy says that when he misses an appointment to see a medical provider, because he was not notified by prison guards, his treatment is further delayed because he has to go back to the nurse to get another appointment, which takes days to accomplish. He says that he should not have to see a nurse again because they already know he is in pain.

McCoy asserts that "the policies and practices that the Defendants implement and condone which cause me pain and suffering are designed only to save on medical expenses (pharmaceuticals) without regard to their patients' pain and suffering." He states that Dr. Murray is "the policy director for UTMB who instituted the above-mentioned policies and practices which cause my pain and is therefore deliberately indifferent to my pain." Dr. Linthicum has been notified by McCoy through the mail and through the grievance system that my doctor prescribed treatment is being interfered

3

with and she has done nothing to correct it." Pam Pace has personal knowledge every day that McCoy's medication is delayed because it is her responsibility to set the appointments and answer the grievances.

As the Magistrate Judge explained, allegations that pain medication has been discontinued, without more, are generally not sufficient to show that a plaintiff is in imminent danger of serious physical injury. *Jackson v. Jin*, civil action no. 12-cv-6445, 2014 WL 1323211 (W.D.N.Y., March 31, 2014), citing *Henderson v. Williams*, civil action no. 3:cv216, 2003 WL 21756336 (N.D.Tex., July 30, 2003); *Gallagher v. McGinnis*, civil action 00-1468, 2000 WL 739285 (E.D.La., June 5, 2000). McCoy has not shown that he is in imminent danger of serious physical injury because of delays in his pain medication or allergy medication.

Although McCoy complains that the present lawsuit is different from the preceding one, the record shows that his previous lawsuit, like the present one, named Dr. Murray, Dr. Linthicum, and Pam Pace as defendants, and complained that his pain medications were being delayed, causing him unnecessary suffering. The Fifth Circuit stated in that case that "McCoy's allegation that the defendants failed to see that he got his prescriptions without any lapses, accepted as true, fails to state a claim." He offers nothing to show why the same allegation in the present case sets out a constitutional claim while the previous one did not.

McCoy claims that he has explained how the named Defendants are liable through their implementation of policies or practices which unnecessarily delay doctor prescribed treatments, but he does not identify any policies or practices implemented by Dr. Murray or Dr. Linthicum which have caused the alleged delays. He says that when he misses an appointment, Pace requires that he see the nurse for another appointment when he doesn't believe that he should have to do so. These allegations fail to show deliberate indifference, much less that McCoy is in imminent danger of serious physical injury. *Compare Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (inmate suffering from HIV and hepatitis who claimed a complete withdrawal of treatment sufficiently alleged imminent danger of serious physical injury). McCoy's objections are without merit.

4

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 10) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's application for leave to proceed *in forma pauperis* (Docket No. 3) is hereby DENIED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 19th day of May, 2014.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**